

# The Attorney General of Texas

December 30, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

'01 Texas, Suite 700
.ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Ruben M. Torres
Chairman
Board of Pardons and Paroles
P. O. Box 13401, Capitol Station
Austin, Texas   78711

Opinion No.  JM-111

Re:   Construction of section
21(a) of article 42.12 of the
Code of Criminal Procedure

Dear Mr. Torres:

You have asked three questions regarding the arrest, detention, and transfer of parolees pursuant to article 42.12, section 21(a) of the Code of Criminal Procedure.  In order to give a proper perspective on the issues, a brief discussion of the applicable legislative enactments and case law is necessary.

As originally enacted, the first paragraph of section 21 of article 42.12 of the Code of Criminal Procedure had read as follows:

> Upon order by the Governor, the Board is authorized to issue a warrant for the return of any paroled prisoner to the institution from which he was paroled.  Such warrant shall authorize all officers named therein to return such paroled prisoner to actual custody in the penal institution from which he was paroled.  Pending hearing, as hereinafter provided, upon any charge of parole violation, the prisoner shall remain incarcerated in such institution.

Acts 1965, 59th Leg., ch. 722, at 496.

In 1972 the United States Supreme Court declared that release on parole is a form of liberty that may not be denied without due process of law.  Morrissey v. Brewer, 408 U.S. 471 (1972); see also Gagnon v. Scarpelli, 411 U.S. 778 (1973).  In Morrissey the court held:

> due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available . . . . Such an inquiry should be seen

p. 464

> as in the nature of a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions.

408 U.S. 471, 485 (1972). The Texas Code of Criminal Procedure does not explicitly provide for such a hearing. You ask whether rules adopted by the Board of Pardons and Paroles pursuant to article 42.12 of the Code of Criminal Procedure are sufficient to comport with the due process requirements of Morrissey.

As amended after the Morrissey case, article 42.12, section 21 now reads:

> (a) A warrant for the return of a paroled prisoner, a prisoner released to mandatory supervision, a prisoner released on emergency reprieve or on furlough, or a person released on a conditional pardon to the institution from which he was paroled, released, or pardoned may be issued by the Board on order by the Governor when there is reason to believe that he has committed an offense against the laws of this State or of the United States, violated a condition of his parole, mandatory supervision, or conditional pardon, or when the circumstances indicate that he poses a danger to society that warrants his immediate return to incarceration. Such warrant shall authorize all officers named therein to take actual custody of the prisoner and return him to the institution from which he was released. Pending hearing, as hereinafter provided, upon any charge of parole violation or violation of the conditions of mandatory supervision, the prisoner shall remain incarcerated.

Acts 1977, 65th Leg., ch. 347, at 929.

Subsequently, the Texas Department of Corrections amended its rules regarding parole revocation by adding subsection (g) which requires that the "revocation hearing . . . be held at or near the location of the alleged violation or arrest . . ." Board of Pardons and Paroles, 7 Tex. Reg. 293 (1982) (amending 37 Texas Administrative Code, section 145.45).

We will now address your questions:

> 1. Is it appropriate to resolve the apparent conflict between section 21(a), article 42.12, Texas Code of Criminal Procedure, and Morrissey v. Brewer, in favor of a requirement that a parolee be detained on the authority of a board-issued prerevocation warrant be afforded a local hearing, as per 37 Texas Administrative Code, section 145.45(g)?

> 2. If the answer to the preceding question is in the affirmative, does the Board of Pardons and Paroles therefore have the authority to order the sheriff or a county to hold a parolee, detained on authority of a board-issued prerevocation warrant, pending the conduct of a revocation hearing pursuant to the board's rules in 37 Texas Administrative Code, sections 145.41-145.55?

> 3. If the answer to both of the preceding questions is in the affirmative, in what position does this place the Department of Corrections when an inmate is prematurely and improperly transferred by the county, in violation of the board's order, and presented at Texas Department of Corrections for admission?

First, we conclude that there is actually no conflict between section 21(a) of article 42.12 and the due process requirement of Morrissey that a hearing "be conducted at or reasonably near the place of the alleged parole violation or arrest . . . ." 408 U.S., at 485. The administrative release revocation hearing established by 37 of the Texas Administrative Code, section 145.45(g), pursuant to this due process standard is not inconsistent with the provisions of article 42.12, section 21(a). Second, there is no need to consider whether the Board of Pardons and Paroles has authority to order a local law enforcement official to hold a detained parolee apart from the directive in the board-issued prerevocation warrant, because it is clear that it would be inappropriate for local law enforcement authorities to release such a person prior to the conclusion or waiver of the local revocation hearing. Finally, if representatives of a county wherein a parolee has been detained on the basis of a prerevocation warrant issued by the board seek to transfer such a person to the Texas Department of Corrections prior to completion or waiver of the required hearing, we believe that the Texas Department of Corrections must refuse to admit a parolee thus prematurely and improperly moved.

The wording of each of the three sentences in article 42.12, section 21 was changed. In the first sentence, along with other

changes not relevant here, the words "when there is reason to believe . . ." were added. This addition seems consistent with the description put forth in Morrissey of the initial hearing as being for the purpose of determining "whether there is probable cause or reasonable ground . . ." In the second sentence, the words "take actual custody of" were substituted for the words "return such paroled" and the words "and return him to the institution from which he was released" were substituted for the words "to actual custody in the penal institution from which he was paroled." In the third sentence the words "in such institution" were deleted. Obviously, the original language of section 21 did not contemplate the local hearing mandated for due process by Morrissey. The original language of the second sentence apparently required that a paroled prisoner arrested as authorized by this provision be returned immediately to custody in the penal institution in which he last served. However, the language of this sentence in section 21 as revised after Morrissey explicitly bifurcates the matters of taking custody of the paroled prisoner and returning him to the penal institution where he last served. By so doing, such language seems to permit the holding of a hearing of the sort contemplated by Morrissey. Likewise, the deletion of the reference to incarceration "in such institution" from the third sentence removes any impediment to the paroled prisoner's remaining at the place of the alleged parole violation or arrest for the local hearing which is to be held prior to his being returned "to the institution from which he was released." Morrissey, supra. Hence, the requirement of 37 Texas Administrative Code, section 45.45(g), that "the administrative release revocation hearing shall be held at or near the location of the alleged violations or arrest . . ." not only complies with the Morrissey mandate regarding constitutional due process standards, but also is not in conflict with the provisions of article 42.12, section 21(a) of the Code of Criminal Procedure.

Following the 1977 changes in section 21(a), the Texas Department of Corrections notified all Texas sheriffs that it would not accept paroled prisoners detained pursuant to warrants issued by the Board of Pardons and Paroles as authorized by section 21(a) without either the completion or waiver of the on-site local hearing required by Morrissey. Since the amendments to section 21(a) separated the detention of the alleged parole violators from their return to the institution from which they were released, we conclude that the stated Texas Department of Corrections policy was permissible under the applicable state statute, as well as consistent with constitutional due process requirements. Indeed, the warrant issued by the Board of Pardons and Paroles appropriately orders that an alleged parole violator arrested pursuant thereto "be held until such time as he may be placed in the custody of an agent of the Texas Department of Corrections . . . ." Because it is impermissible under Morrissey and not required under section 21(a) to return such a detainee prior to the local hearing, the language quoted from the warrant means that

such detainee must be held by the authorities who arrested him until the Texas Department of Corrections is authorized to take custody of him -- i.e. not until the completion or waiver of the Board of Pardons and Paroles administrative release revocation hearing.  Moreover, article 2.18 of the Code of Criminal Procedure makes it a violation of duty for a sheriff to release a prisoner committed to jail by a warrant.  See Attorney General Opinion M-918 (1971).  Hence, a sheriff detaining an alleged parole violator pursuant to a prerevocation warrant is obligated to hold him until such detainee may be properly released to Texas Department of Corrections.  Likewise, the Texas Department of Corrections may not appropriately accept an alleged parole violator from a sheriff without evidence of completion or waiver of the requisite local hearing.

Insofar as the answers to similar questions posed in Attorney General Opinion WW-386 (1958) provide contrary results, they have been superceded by the dictates of Morrissey and the 1977 amendments to section 21(a).

## S U M M A R Y

The provisions of section 21(a) of article 42.12 of the Code of Criminal Procedure are consistent with the requirement of a local parole revocation hearing imposed by both Morrissey v. Brewer, supra, and by 37 Texas Administrative Code, section 145.45(g).  Local law enforcement authorities are required to hold an alleged parole violator detained on the basis of a prerevocation warrant until such time as the local hearing is completed or waived.  The Texas Department of Corrections is not authorized to accept transfer of any such detainee until completion or waiver of the local hearing required by due process standards and the rules of the Board of Pardons and Paroles.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton